JARED H. BECK (CA Bar No. 233743)
ELIZABETH LEE BECK (CA Bar No. 233742)
BEVERLY VIRUES
FL Bar No. 123713
jared@beckandlee.com
elizabeth@beckandlee.com
beverly@beckandlee.com
**BECK & LEE TRIAL LAWYERS**
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Tel:     305-234-2060
Fax:     786-664-3334

CULLIN O'BRIEN
FL Bar No. 597341
cullin@cullinobrienlaw.com
**CULLIN O'BRIEN LAW, P.A.**
6541 NE 21st Way
Fort Lauderdale, Florida 33108
Tel:     561-676-6370
Fax:     561-320-0285

Counsel for Plaintiff and Putative Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN PEACOCK, on Behalf of Himself, and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>PABST BREWING COMPANY, LLC,<br><br>        Defendant. | Case No: _____<br><br>Pleading Type: Class Action<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

### Nature of the Case

1.      Defendant, Pabst Brewing Company, LLC ("Defendant") is falsely creating the impression in the minds of its consumers that its Olympia beer products are exclusively brewed using artesian water in Washington, when in fact, the beers are now brewed in a mass-production brewery located in Los Angeles County, California.  As a result of this false advertising, Plaintiff Brendan Peacock ("Plaintiff") sues Defendant on behalf of himself and the putative class of purchasers of Defendant's Olympia beer products, seeking damages and injunctive relief.

### Jurisdiction and Venue

2.      This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, and there is diversity of citizenship between the proposed class members and Defendant.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here.

### Parties

4.      Plaintiff Brendan Peacock is a resident of California.

5.      Defendant, Pabst Brewing Company, LLC, is a Delaware limited liability company with its principal place of business in Los Angeles, California.

### Allegations

6.      In the 1850's Leopold F. Schmidt purchased property in Tumwater, Washington and founded the Capital Brewing Company; in 1896, it began brewing and selling the Olympia Pale Export using artesian spring water from Schmidt's property.  The Olympia beer became Capital Brewing Company's flagship beer, and in 1902, the slogan "It's the Water" was born to explain the popularity of the Tumwater lagers.

7.     Tumwater is a city near the Deschutes River, in the southernmost point of Puget Sound.  Tumwater is home to a famous series of cascades near where the Deschutes River empies into Budd Inlet.  The area is known for its natural beauty and waterfalls.[1]

8.     In 1983, the Olympia Brewing Company was purchased by G. Heileman Brewing Company, a Wisconsin brewery itself founded in the mid-1800's.  G. Heileman Brewing Company ceased operations in 1996, and through a series of mergers, acquisitios and consolidations, Defendant acquired Olympia Brewing Company in 1999.

9.      The Olympia beer consumers purchase now is no longer brewed in Tumwater, nor does it use the artesian spring water from Tumwater, Washington.  The former Olympia brewery in Tumwater permanently closed in 2003.  Following is a panoramic view of the falls at Tumwater, and the former Olympia brewery:[2]



10.     Olympia beer today is brewed by a mega-brewery located in 15801 W. 1st Street, Irwindale, California.

---

[1]      In 1962, the Olympia Brewing Company donated 15 acres of land surrounding the Tumwater falls, creating the Tumwater Falls Park, which hosts 200,000 visitors annually.  *See* https://en.wikipedia.org/wiki/Tumwater_Falls (last accessed February 5, 2018).

[2]      https://en.wikipedia.org/wiki/Tumwater,_Washington#/media/File:Tumwater_pano_01.jpg (last accessed February 5, 2018).

11.     Nonetheless, Defendant continues to market and sell Olympia beer with the now famous "It's the Water" slogan in its promotional advertising and on the packaging and containers of its Olympia brand beer, despite the fact that it is no longer brewed with the artesian water for which the beer was famed.

12.     Defendant contract-brews its beer in Irwindale, a city in the San Gabriel Valley, which is "almost entirely urbanized and is an integral part of the Greater Los Angeles metropolitan area."[3]

13.     It is unclear where the water is actually from; however, parts of Irwindale is serviced by the Valley County Water District ("VCWD"), a public utility that treats and delivers water supplied by "four active groundwater production wells."  The VCWD chlorinates its water.[4]

14.     The San Gabriel Valley's water supply has been contaminated by industrial solvents in the past; in 1985, several wells were shut down after state health officials declared the contamination a health risk.[5]  Currently, two federal Superfund sites are located in Irwindale; one, the Baxter Healthcare Corp. Site at 4401 Foxdale Avenue, Irwindale, California 91706, is located approximately 2.4 miles from where the Olympia beer is brewed.[6]

15.     Defendant markets and sells its beer in order to create the impression in the minds of consumers that the beer is being exclusively brewed using artesian waters from Tumwater, Washington.  Defendant does this by continuing to use the slogan and imagery on its product

---

[3]        https://en.wikipedia.org/wiki/San_Gabriel_Valley

[4]        http://www.vcwd.org/page/829101_Your_Water_Quality_FAQ_.asp (last accessed February 5, 2018)

[5]        *See* http://articles.latimes.com/1985-04-28/news/ga-21696_1_san-gabriel-valley-water (last accessed February 5, 2018).

[6]        *See* https://cumulis.epa.gov/supercpad/cursites/csitinfo.cfm?id=0903628 (last accessed February 5, 2018).

*Peacock v. Pabst Brewing Company*, Case No. _____
CLASS ACTION COMPLAINT

packaging which depict images of Tumwater, Washington and creating an impression in the mind of consumers that the beer is brewed using a unique water source.

16.    Defendant also creates the impression in the minds of consumers that the beer was brewed using artesian waters from Tumwater, Washington, through statements on its websites and in other media.  For instance, Defendant's website describes the product below:

> First brewed in 1896 at a four-story wooden brewhouse near Puget Sound in Washington State, Olympia lager blends nature's finest raw materials from the Great Northwest's fields into an icon as stunning as the land itself.  Crowned with a garland of fresh herbal hops, Olympia beer stands shoulders above other beers. Olympia Beer. It's the water.

http://pabstbrewingco.com/beer/olympia (last accessed February 5, 2018).

17.    Defendant similarly creates the impression in the minds of consumers that the beer is being exclusively brewed using artesian waters from Tumwater, Washington through statements

4

and imagery on its social media, such as the Defendant's official Facebook page for Olympia beer which posted the following image and caption ("It really is the water.  #OlympiaBeer"):



The statements and impressions that Defendant's beer is exclusively brewed using artesian waters from Tumwater, Washington are false, deceptive, and misleading.

**Plaintiff's Allegations**

18.    Plaintiff is a beer, and craft beer, consumer.

19.    On or about April 21, 2017, Plaintiff purchased Olympia Beer from Grocery Outlet #57 located at 2801 Zinfandel Drive, Rancho Cordova, California 95670.  Prior to Plaintiff's

purchase of the beer, Plaintiff was exposed to Defendant's marketing messaging and impressions that the beer is exclusively brewed using artesian waters from Tumwater, Washington.

20.   The beer Plaintiff purchased was not exclusively brewed with artesian water in Tumwater, Washington.   In fact, none of the Defendant's beers are brewed in Tumwater, Washington, as the brewery closed in 2003.   According to the Defendant: "Our Olympia products are brewed out of our Irwindale CA brewery. All of our beer products are made in several different brewing locations around the United States. These facilities are owned by outside companies, the largest of which is Miller Brewing Company, which is a common practice in the beer industry."[7]

21.   Plaintiff purchased the beer because of and in reliance on these marketing messages.   Plaintiff was deceived by, affected by, and harmed by Defendant's false advertising. Had Plaintiff known that Defendant's marketing messages were false, Plaintiff would not have purchased the beer.   Plaintiff paid a price premium for the beer compared to other beer and related goods.

22.   The source and quality of the water in beer is historically an important component of the overall quality of the final product, and a factor of importance to beer consumers.[8]

23.   Unlike food and non-alcoholic beverages, there is no requirement for ingredient labelling in beer.   Beer as a consumer product is particularly susceptible to false labelling, as product packaging, maketing, and advertising is the only information readily available to consumers informing them of what they are presumably consuming.

---

[7]   Plaintiff contacted Defendant inquiring about the location of Olympia Beer's brewery.   On July 7, 2017, Defendant responded via e-mail, admitting that its Olympia products are brewed out of Irwindale, CA.  A copy of the e-mail exchange is attached hereto as "Exhibit A."

[8]   *See, e.g.*, https://www.npr.org/sections/thesalt/2012/06/09/154574766/to-grow-a-craft-beer-business-the-secrets-in-the-water ("To Grow A Craft Beer Business, The Secret's In The Water").

6

## Class Action Allegations

24.     Plaintiff seeks to certify a class of all purchasers in the United States of Olympia brand beer.  This action is properly maintainable as a class action under Rule 23.

25.     The Class is so numerous that joinder of all members is impracticable.

26.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  The common questions include, *inter alia*, the following: Whether the Defendant falsely markets and advertises where and how the beer is brewed to the Class.

27.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

28.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature and will fairly and adequately protect the interests of the Class.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

30.     Plaintiff anticipates that there will be no difficulty in the management of this litigation.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

31.     Defendant acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

### Count I

### For Violation of the UCL

32.     Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 31 set forth above as if fully set forth herein.

33.     Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

34.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendant's conduct violates the Consumer Legal Remedies Act, and the California Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), which incorporates all the regulations and requirements of the Federal Food, Drug, and Cosmetic Act.  Specifically, Defendant acted in contravention of the following Sherman Law provisions:

- § 110100 (adopting all FDA regulations as state regulations);

- § 110290 ("In determining whether the labeling or advertisement of a food . . . is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food . . . or consequences of customary use of the food . . . shall also be considered.");

- § 110390 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food . . . that is falsely advertised.");

- § 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");

- § 110400 ("it is unlawful for any person to receive in commerce any food . . . that is falsely advertised or to deliver or proffer for deliver any such food . . . . ");

- <u>§ 110660</u> ("Any food is misbranded if its labeling is false or misleading in any particular.");

- <u>§ 110670</u> ("Any food is misbranded if its labeling does not confirm with the requirements for nutrient content or health claims as set forth in Section 403(r) (21 U.S.C. Sec. 343(r)) of the federal act and the regulations adopted pursuant thereto.");

- <u>§ 110680</u> ("Any food is misbranded if its labeling or packaging does not conform to the requirements of Chapter 4 (commencing with Section 110290).");

- <u>§ 110705</u> ("Any food is misbranded if any word, statement, or other information required pursuant to this part to appear on the label or labeling is not prominently placed upon the label or labeling and in terms as to render it likely to be read and understood by the ordinary individual under customary conditions of purchase and use.");

- <u>§ 110760</u> ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.");

- <u>§ 110765</u> ("It is unlawful for any person to misbrand any food."); and

- <u>§ 110770</u> ("It is unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food.").

35.     By violating the California Unfair Competition Law, Defendant also violated the common law of unfair competition.

36.     Defendant leveraged its deception to induce Plaintiff and members of the Class to buy products that were of lesser value and quality than advertised, including but not limited to being of a different origin.

9

37.     Plaintiff suffered injury in fact and lost money or property as a result of Defendant's deceptive advertising: he was denied the benefit of the bargain in purchasing the beer.  Had Plaintiff been aware of Defendant's false and misleading advertising tactics, he would not have purchased the beer.  Moreover, had Defendant not engaged in the false and misleading advertising tactics, Plaintiff and the members of the Class would have paid less for the beer because Defendant would not have been able to charge them a premium for the product.

38.     The false and misleading labeling and advertising of beer, as alleged herein, constitutes 'unfair' business acts and practices because such conduct is immoral, unscrupulous, and offends public policy.  Further, the gravity of Defendant's conduct outweighs any conceivable benefit of such conduct.

39.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "fraudulent" business acts and practices because Defendant's conduct is false and misleading to Plaintiff, Class members, and the general public.

40.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

41.     Plaintiff also seeks an order for the restitution of all monies from the sale of the beer which were unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment and relief against Defendant as follows:

A.     that the Court certify the Class under Rule 23 of the Federal Rules of Civil Procedure and appoint Plaintiff as Class Representative and his attorneys as Class Counsel to represent the members of the Class;

B.    that the Court declare that Defendant's conduct violates the statutes referenced herein;

C.    that the Court preliminarily and permanently enjoin Defendant from conducting its business through the unlawful, unfair, or fraudulent business acts or practices, untrue, and misleading labeling and marketing and other violations of law described in this Complaint;

D.    that the Court order Defendant to conduct a corrective advertising and information campaign advising consumers that the beer do not have the characteristics, uses, benefits, and quality Defendant has claimed;

E.    that the Court order Defendant to implement whatever measures are necessary to remedy the unlawful, unfair, or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

F.    that the Court order Defendant to notify each and every individual and/or business who purchased the beer of the pendency of the claims in this action in order to give such individuals and businesses an opportunity to obtain restitution from Defendant;

G.    that the Court order Defendant to pay restitution to restore to all affected persons all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or a fraudulent business act or practice, untrue or misleading labeling, advertising, and marketing, plus pre- and post-judgment interest thereon;

H.    that the Court order Defendant to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendant as a result of its acts or practices as alleged in this Complaint;

I.    that the Court award damages to Plaintiff and the Class, including punitive damages;

J.    the common fund doctrine, and/or any other appropriate legal theory; and

11

K.      that the Court grant such other and further relief as may be just and proper.

**<u>Demand for Jury Trial</u>**

Plaintiff hereby demands trial by jury in this action on all issues so triable.

DATED: March 15, 2018

Respectfully submitted,

<u>/s/ Elizabeth Lee Beck</u>

Elizabeth Lee Beck
Counsel for Plaintiff and Putative Class