UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN PEACOCK, | |
| Plaintiff, | No. 2:18-cv-00568-TLN-CKD |
| v. | **ORDER** |
| PABST BREWING COMPANY, LLC, | |
| Defendant, | |

This matter is before the Court on two motions: (1) Plaintiff Brendan Peacock's ("Plaintiff") Motion to Strike Affirmative Defenses (ECF No. 38); and (2) Defendant Pabst Brewing Company, LLC's ("Defendant") Motion to Strike Nationwide Class Allegations (ECF No. 43). Both parties filed oppositions. (ECF Nos. 41, 44.) Only Defendant replied. (ECF No. 45.) For the reasons set forth below, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion and DENIES Defendant's motion.

1     **I.    FACTUAL AND PROCEDURAL BACKGROUND**

2          This case arises out of a dispute over Defendant's marketing of its "Olympia" brand beer.

3     (ECF No. 30.)  Plaintiff alleges Defendant deceives consumers by marketing Olympia Beer in a

4     way that "falsely suggests to consumers that the water in the beer is from the Olympia area of

5     Washington State."  (*Id.* at 5.)  Plaintiff filed a putative class action on March 15, 2018, claiming

6     he was injured when induced by Defendant's misleading marketing to pay a "premium" price for

7     the beer in violation of California Business and Professions Code § 17200.  (*Id.* at 9, 11.)

8     Plaintiff filed the operative Second Amended Complaint ("SAC") on September 19, 2019.  (*Id.*)

9     Defendant answered on October 21, 2020.  (ECF No. 37.)  Plaintiff filed his instant motion

10    pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) on November 12, 2020.  (ECF No.

11    38.)  On January 29, 2021, Defendant filed its instant motion pursuant to Rules 12(f), 23(c)(1)(A),

12    and 23(d)(1)(D).  (ECF No. 43.)  Also pending before the Court is a Motion for Class

13    Certification.  (ECF No. 52.)

14    **II.   STANDARD OF LAW**

15          A.    <u>Motion to Strike</u>

16          Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any

17    redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A court will

18    only consider striking a defense or allegation if it fits within one of these five categories.  *Yursik*

19    *v. Inland Crop Dusters Inc.*, No. CV-F-11-01602-LJO-JLT, 2011 WL 5592888, at *3 (E.D. Cal.

20    Nov. 16, 2011) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir.

21    2010)).  "Immaterial" matter is that which has "no essential or important relationship to the claim

22    for relief or the defenses being pleaded."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.

23    1993) (citation omitted), *rev'd on other grounds*, 510 U.S. 517 (1994).  "Impertinent" matter

24    includes "statements that do not pertain, and are not necessary, to the issues in question."  *Id.*

25          "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money

26    that must arise from litigating spurious issues by dispensing with those issues prior to trial."

27    *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  However, Rule 12(f)

28    motions are "generally regarded with disfavor because of the limited importance of pleading in

federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).  "Ultimately, whether to grant a motion to strike lies with the sound discretion of the district court." *Id.*  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Howey v. U.S.*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also* Fed. R. Civ. P. 15(a)(2).  If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegation for adjudication on the merits after proper development of the factual nature of the claims through discovery.  *See Whittlestone*, 618 F.3d at 974–75.

B.     Pleading Standard for Responsive Pleadings

Rule 8(c) provides, in pertinent part, "a party must affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)); *accord Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of L.A.*, 833 F. 3d 1060 (9th Cir. 2016) (en banc) (setting forth the elements of an ADA Title II claim); *Schutte & Koerting, Inc. v. Swett & Crawford*, 298 Fed. Appx. 613, 615 (9th Cir. 2008).[1]

Under the fair notice standard, a defendant is only required to "state the nature and grounds for the affirmative defense," rather than plead a detailed statement of the facts upon which the defense is based.  *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Conley*, 355 U.S. at 47).  "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"  *Id.* (quoting

---

[1]     Following the Supreme Court's decisions in *Iqbal* and *Twombly*, district courts within the Ninth Circuit split as to whether the heightened pleading standard established in those cases applied to affirmative defenses in Rule 12(f) motions.  *Aubin Indus., Inc. v. Caster Concepts, Inc.*, No. 2:14-CV-02082-MCE, 2015 WL 3914000, at *6 (E.D. Cal. June 25, 2015) (England, J.).  This Court applies the *Wyshak* fair notice standard in this instance, consistent with other courts within this district.  *Id.* (finding that the Ninth Circuit resolved the split in favor of applying the fair notice standard in *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016 (9th Cir. 2015)).

*McArdle v. AT&T Mobility, LLC*, 657 F. Supp. 2d 1140, 1149–50 (N.D. Cal. 2009)).  The

pleadings are only required to describe each defense in "general terms," as long as it gives the

plaintiff fair notice of the nature of the defense.  *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016,

1019 (9th Cir. 2015).  For well-established defenses, merely naming them may be sufficient.  *See*

*Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22,

2007).

C.      Class Certification

Class certification is governed by Rule 23.  Under Rule 23(a), the party seeking

certification must establish:

> (1) the class is so numerous that joinder of all members is
> impracticable; (2) there are questions of law or fact common to the
> class; (3) the claims or defenses of representative parties are typical
> of the claims or defenses of the class; and (4) the representative
> parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  "These requirements effectively 'limit the class claims to those fairly

encompassed by the named plaintiff's claims.'"  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147,

156 (1982).  In addition, while the Rule 23(a) requirements apply to all class actions, a class

action must comply with only one of the categories described in Rule 23(b).  *See* Fed. R. Civ. P.

23(a)–(b).

The Supreme Court has observed that "[s]ometimes the issues are plain enough from the

pleadings to determine whether the interests of the absent parties are fairly encompassed within

the named plaintiff's claim."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).  Further,

"[w]here the complaint demonstrates that a class action cannot be maintained on the facts alleged,

courts have granted motions to strike class allegations" under Rules 12(f) and 23(d)(1)(D).  *Olney*

*v. Job.com, Inc.*, No. 1:12-CV-01724-LJO-SKO, 2013 WL 5476813, at *3 (E.D. Cal. Sept. 30,

2013) (citing *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990 –91 (N.D. Cal. 2009); *Hovsepain*

*v. Apple, Inc.*, No. 08-5788 JF (PVT), 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009)); *see*

*also Simpson v. Ramada Worldwide, Inc.*, No. 12-CV-5029-PSG, 2012 WL 5988644, at *2 (N.D.

Cal. Nov. 29, 2012).

/ / /

4

1    However, Ninth Circuit precedent stands "for the unremarkable proposition that often the

2    pleadings alone will not resolve the question of class certification and that some discovery will be

3    warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009).

4    Accordingly, motions to strike class allegations are generally disfavored because such issues are

5    more appropriately resolved on a motion for class certification. *See Thorpe v. Abbott Labs., Inc.*,

6    534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, No. C 09-5142

7    MHP, 2010 WL 963225, at *5 (N.D. Cal. Mar. 16, 2010).

8        **III.   ANALYSIS**

9        A.   Motion to Strike Affirmative Defenses

10   As a preliminary matter, Defendant seeks to voluntarily strike six of the affirmative

11   defenses and its prayer for attorneys' fees challenged by the instant motion.  (ECF No. 41 at 2–3;

12   ECF Nos. 41-1, 41-2.)[2]  Therefore, the Court GRANTS Plaintiff's motion as to affirmative

13   defenses one, six, eight, twenty-two, twenty-five, and thirty-five with leave to amend.  (ECF No.

14   38.)

15   Plaintiff requests the Court strike nine additional affirmative defenses because they are

16   either inappropriate or Defendant failed to plead sufficient facts to support them.  (ECF No. 38 at

17   8–14.)  In opposition, Defendant argues its Answer survives the lenient "fair notice standard" and

18   Plaintiff fails to identify how the presence of any of the affirmative defenses prejudice him.  (ECF

19   No. 51 at 5–6.)  The Court will address the remaining defenses in turn.

20        *i.   Affirmative Defenses Four, Twelve, and Fifteen*

21   Plaintiff argues the Court should strike Defendant's statute of limitations, waiver, and

22   latches affirmative defenses for insufficient factual support.  (ECF No. 38-1 at 9, 11.)  All three

23   are well-established defenses whose application is typically self-explanatory.  Indeed, all three are

24   listed in Rule 8(c) as examples of affirmative defenses.  *See* Fed. R. Civ. P. 8(c)(1).  Plaintiff

25   pleads only a single claim for relief, so the applicable statute of limitations is obvious without

26

27   _____

[2]     The six defenses are as follows: (1) failure to state a claim; (6) non-joinder of party; (8) no
false or misleading representations; (22) no misrepresentations of fact; (25) failure to plead with
28   particularity; and (35) reservation of defenses.  (ECF No. 38 at 8–15; ECF No. 41 at 3.)

1    Defendant having to specifically plead it.  *See* Cal. Bus. & Prof. Code § 17208.  Further, as

2    Defendant notes in its opposition to the instant motion, Plaintiff's SAC only vaguely describes

3    the period on which his action is premised.  (*See* ECF No. 41 at 8 (citing portions of Plaintiff's

4    SAC that reference 2003 and "the years leading up to the lawsuit")).)  To the extent Plaintiff seeks

5    to recover for injuries "[s]ince 2003" or otherwise outside the limitations period, he is on notice

6    Defendant intends to bar recovery with these defenses.  *See Rahman v. San Diego Accounts Serv.*,

7    No. 16cv2061-JLS (KSC), 2017 WL 1387206, at *2 (S.D. Cal. Apr. 18, 2017); *Villagordoa*

8    *Bernal v. Rodriguez*, No. 5:16-cv-00152-CAS(DTBx), 2016 WL 6407406, at *4 (C.D. Cal. Oct.

9    28, 2016) (denying motion to strike "boilerplate" affirmative defenses, including waiver and

10   laches).  Finally, Plaintiff fails to demonstrate Defendant will be unable to prove any of the three

11   defenses as a matter of law.  *See Ganley*, 2007 WL 902551, at *6–7.  Therefore, the Court

12   DENIES Plaintiff's motion as to affirmative defenses four, twelve, and fifteen.

13                    *ii.*      *Affirmative Defenses Thirty, Thirty-One, and Thirty-Four*

14           Plaintiff argues the Court should strike Defendant's class- and injunction-related defenses

15   as inappropriate.  (ECF No. 38-1 at 13–14.)  Defendant argues striking the defenses would serve

16   no purpose other than formalism and Plaintiff fails to demonstrate how their inclusion is

17   prejudicial.  (ECF No. 41 at 11, 12–13.)  All three purported defenses are merely ways of stating

18   Plaintiff is unable to prove the merits of its claim.  *See Savage v. Citibank N.A.*, No. 14-cv-03611-

19   BLF, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015); *Miller v. Fuhu, Inc.*, No. 2:14-cv-

20   06119, 2014 WL 4748299, at *2 (C.D. Cal. Sept. 22, 2014); *Hernandez v. Balakian*, No. CV-F-

21   06-1383 OWW/DLB, 2007 WL 1649911, at *9 (E.D. Cal. June 1, 2007); *see also FDIC v. Main*

22   *Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41

23   (1980)) ("Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which

24   deny plaintiff's right to recover, even if the allegations of the complaint are true.").  Although

25   motions to strike affirmative defenses are sometimes not granted absent prejudice to the plaintiff,

26   Defendant has not shown, and the text of Rule 12(f) does not suggest, prejudice is required.  *See*

27   Wright & Miller, Fed. Prac. and Proc. Civ. § 1381 (3d ed.).  Accordingly, the Court GRANTS

28   Plaintiff's motion as to affirmative defenses thirty, thirty-one, and thirty-four with leave to

                                                     6

1   amend.

2                      iii.   *Affirmative Defenses Two and Three*

3          Plaintiff argues the Court should strike Defendant's standing affirmative defenses for

4   insufficient factual support and because the Court settled the issue of standing for injunctive relief

5   in its October 1, 2020 Order.  (ECF No. 38-1 at 8–9.)  Defendant argues its standings defenses

6   were adequately pleaded because they provide Plaintiff fair notice of the defenses being asserted.

7   (ECF No. 41 at 9–11.)  Although the Court previously held Plaintiff adequately alleged a threat of

8   future harm sufficient to confer standing to pursue injunctive relief (ECF No. 36 at 11),

9   Defendant may again challenge Plaintiff's standing at summary judgment or trial where Plaintiff

10  will be unable to sustain his action on mere allegations.  *See, e.g.*, *Lanovaz v. Twinings N. Am.,*

11  *Inc.*, 726 Fed. Appx. 590, 591 (9th Cir. 2018) (affirming grant of summary judgment on

12  plaintiff's California Unfair Competition Law injunctive relief claim).  Elsewhere, this Court has

13  declined to strike conclusory standing affirmative defenses merely because they are vague and

14  lack material factual support.  *See Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC,

15  2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015) (Nunley, J.); *Dodson v. Gold Cnty. Foods,*

16  *Inc.*, No. 2:13-cv-0336-TLN-DAD, 2013 WL 5970410, at *3 (Nov. 4, 2013) (Nunley, J.).  *J & J*

17  *Sports Prods., Inc. v. Mendoza Govan*, holding the opposite and on which Plaintiff relies, applied

18  a different standard from the one at issue here.  *See* No. C 10-05123 WHA, 2011 WL 1544886, at

19  *1 (N.D. Cal. Apr. 25, 2011) ("*Twombly*'s heightened pleading standard applies to affirmative

20  defenses . . . .").  Therefore, the Court DENIES Plaintiff's motion as to affirmative defenses two

21  and three.

22                      iv.   *Affirmative Defense Eighteen*

23         Lastly, Plaintiff argues the Court should strike Defendant's third party conduct affirmative

24  defense for insufficient factual support.  (ECF No. 38-1 at 11–12.)  Defendant argues it is not

25  required to plead additional facts to support this defense and may rely on the discovery process to

26  flesh out its defense.  (ECF No. 41 at 11–12.)  To support its assertion that Defendant's pleading

27  is inadequate, Plaintiff solely cites to the portion of a Northern District of Illinois opinion striking

28  an affirmative defense alleging failure to join an indispensable party.  (ECF No. 38-1 at 12 (citing

                                              7

*Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*, No. 99 C 8237, 2000 WL 1222043, at *3 (N.D. Ill. Aug. 22, 2000).)  Plaintiff has further failed to rebut any of Defendant's arguments in its opposition.  The discretion of whether to grant a motion to strike is soundly with the Court. Plaintiff has failed to provide any persuasive authority or argument for why this request should be granted.  Accordingly, Plaintiff fails to carry his burden and the Court DENIES his motion as to affirmative defense eighteen.

###### B.     Motion to Strike Nationwide Class Allegations

In its motion, Defendant argues the Court should strike the nationwide class allegations from Plaintiff's SAC because they are barred by the choice of law analysis articulated in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012).  (ECF No. 43 at 2.)  In opposition, Plaintiff argues Defendant's motion is: (1) untimely; (2) unauthorized by the Court's scheduling order; and (3) fails to carry its heavy burden to demonstrate why a nationwide class is inappropriate.  (ECF No. 44.)  Defendant replies by asserting the Court has the authority to strike the requested portions of Plaintiff's SAC before the class certification stage and Plaintiff wholly fails to respond to Defendant's analysis under *Mazza*.  (ECF No. 45.)  Because Defendant has not shown Plaintiff can achieve class certification as either a Rule 12(b)(1) or (2) class, the Court does not reach Plaintiff's procedural arguments.

Defendant's reliance on *Mazza* is premature.  In *Mazza*, the Ninth Circuit overturned the certification of a nationwide class of Collision Mitigation Braking System-equipped Acura RL consumers, who alleged Honda misrepresented and concealed material information in connection with the marketing and sale of such vehicles in violation of California law.  666 F.3d at 586–87. Honda appealed, arguing first that there were no common questions of fact or law as required for class certification under Rule 23(a)(2) and *Wal-Mart Stores, Inc. v. Dukes* because of the individualized impact of advertising on consumers.  *Id.* at 589 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011)).  The Ninth Circuit rejected Honda's argument. "[C]ommonality only requires a single significant question of law or fact.  Even assuming arguendo that we were to agree with Honda's 'crucial question' contention, the individualized issues raised go to preponderance under Rule 23(b)(3), not to whether there are common issues

1   under Rule 23(a)(2)." *Id.* (citation omitted).  The *Mazza* court then held "the Plaintiffs satisfied

2   their limited burden under Rule 23(a)(2)." *Id.*

3         The analysis on which Defendant relies — California's consumer protection statutes may

4   not be applied to a nationwide class with members in multiple jurisdictions — affects whether a

5   class may be certified under 23(b)(3) because questions of law or fact common to class members

6   predominate over any questions affecting only individual members.  *See id.* ("Honda contends

7   that common issues of law do not predominate because California's consumer protection statutes

8   may not be applied to a nationwide class with members in 44 jurisdictions.")  Although

9   Defendant attempts to shoehorn the *Mazza* analysis into the commonality requirement of Rule

10  23(a)(2), applicable to all types of class actions, it provides no supporting authority other than

11  *Mazza* itself, which directly contradicts Defendant's assertion as quoted above.  (ECF No. 43 at

12  14); *Mazza*, 666 F.3d at 589.

13        Even assuming Defendant's extensive choice of law analysis is correct and therefore

14  Plaintiff cannot seek certification as a nationwide class under Rule 23(b)(3), Defendant has not

15  shown why Plaintiff cannot achieve class certification as a nationwide Rule 23(b)(1) or (2) class,

16  neither of which require questions of law to predominate.  *See* Fed. R. Civ. P. 23(b)(1), (2).  The

17  district court opinions on which Defendant relies for the proposition the Court may strike

18  Plaintiff's nationwide class allegations at the pleading stage similarly do not address the

19  possibility the plaintiffs could seek certification as a Rule 23(b)(1) or (2) class.  *See, e.g.*, *Zeiger*

20  *v. WellPet LLC*, 304 F. Supp. 3d 837, 847 (N.D. Cal. 2018) (no discussion why *Mazza*'s Rule

21  12(b)(3) analysis should apply to Rule 12(b)(1) or (2) classes); (*see also* ECF No. 43 at 14–15

22  (citing cases).)  Accordingly, the Court finds these cases unpersuasive.  Finally, the only portion

23  of Plaintiff's SAC solely applicable for certification as a Rule 23(b)(3) class is a clause in

24  paragraph 33.  "There are questions of law and fact . . . which predominate over questions

25  affecting any individual Class member."  (ECF No. 30 ¶ 33.)  The Court sees no point in striking

26  a fraction of a sentence on which Plaintiff does not rely,[3] permitting further amendments to the

27

28     [3]    Plaintiff seeks certification as a Rule 23(b)(2) class in its pending motion.  (*See* ECF No. 52 at 2.)

9

pleadings, inviting additional Rule 12 motions, and further delaying this action.  Therefore, without any explanation as to why the Court should apply *Mazza* outside of the Rule 23(b)(3) preponderance analysis in which it was decided, Defendant fails to carry its heavy burden on a motion to strike.  *See Vinole*, 571 F.3d at 942; *Whittlestone*, 618 F.3d at 974–75.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 38) and DENIES Defendant's Motion to Strike Nationwide Class Allegations (ECF No. 43).  Defendant shall file an amended answer within twenty-one (21) days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATED:  February 11, 2022

Troy L. Nunley
United States District Judge