UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN PEACOCK, on Behalf of Himself, and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PABST BREWING COMPANY, LLC,<br><br>Defendant. | No. 2:18-cv-00568-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Brendan Peacock's ("Plaintiff") Motion to Certify Class. (ECF No. 52.) Defendant Pabst Brewing Company, LLC ("Defendant") opposes Plaintiff's motion. (ECF No. 54.) Plaintiff filed a reply. (ECF No. 59.) For the reasons set forth below, the Court DENIES Plaintiff's motion. (ECF No. 52.)

///
///
///
///
///
///
///

I. **FACTUAL AND PROCEDURAL BACKGROUND**[1]

This case arises out of a dispute over Defendant's marketing of its product, Olympia Beer ("Olympia Beer"). (*See generally* ECF No. 30.) Plaintiff argues Defendant deceives consumers by marketing Olympia Beer in a way that "falsely creates the impression in the minds of consumers that its Olympia Beer products are exclusively brewed using artesian water in Washington . . . ." (ECF No. 52-1 at 5.) Plaintiff contends Defendant misled consumers in violation of California's Unfair Competition Law ("UCL") and Cal. Bus & Prof. Code §§ 17200. (*Id.*) Plaintiff argues this misrepresentation is created by the phrase "It's the Water" in the product's marketing. (*Id.* at 11.)

On September 30, 2021, Plaintiff filed the Motion to Certify Class. (ECF No. 52.) On December 2, 2021, Defendant filed an opposition to the motion.[2] (ECF No. 54.) On December 9, 2021, Plaintiff filed a response. (ECF No. 59.)

II. **STANDARD OF LAW**

Class certification is governed by Federal Rule of Civil Procedure ("Rule") 23. *See* Fed. R. Civ. P. 23. "Parties seeking class certification bear the burden of demonstrating that they have

---

[1] The following recitation of facts is taken, sometimes verbatim, from the instant motion. (ECF No. 52.)

[2] Defendant requests the Court take judicial notice of: (1) an order terminating Beck & Lee Trial Lawyers (Elizabeth Lee Beck, one of Plaintiff's attorneys, is employed by Beck & Lee Trial Lawyers Firm) as plaintiff's counsel in *Stuart Logan v. Apple Inc., et al.*, Case No. 5:10-cv-02588-CW (N.D. Cal.); (2) an order terminating Beck & Lee Trial Lawyers as plaintiffs' counsel in *Red, et al. v. Kraft Foods Inc., et al.*, Case No. 2:10-cv-01028 (GW)(AGRx) (C.D. Cal.); (3) a Corrected Supplemental Brief concerning Plaintiffs' Termination of Beck & Lee Trial Lawyers filed in *Red, et al. v. Unilever, et al.*, Case No. 5:10-cv-00387-JW (N.D. Cal.); and (4) a Corrected Declaration of Gregory S. Weston in Support of Supplemental Brief Concerning Plaintiffs' Termination of Beck & lee in *Red, et al. v. Unilever, et al.*, Case No. 5:10-cv-00387-JW (N.D. Cal. 2010). (ECF No. 58 at 2.) Plaintiff does not oppose. (*See* ECF No. 59.) The Court may judicially notice a fact that is not subject to reasonable dispute, either because it is generally known within the court's jurisdiction or because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. A court may also take judicial notice of its own records, the records of other courts, and publicly recorded documents. Here, all requested documents are court records. Since the documents are matters of public record and not subject to reasonable dispute, they are subject to judicial notice. *See* Fed. R. Evid. 201(b). Accordingly, Plaintiff's request for judicial notice (ECF No. 58) is GRANTED.

2

1    met each of the four requirements of [Rule] 23(a) and at least one of the requirements of Rule

2    23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011) (citing *Zinser v.*

3    *Accufix Rsch. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), *amended by* 273 F.3d 1266 (9th

4    Cir. 2001)).  Under Rule 23(a), the party seeking certification must establish:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

8    Fed. R. Civ. P. 23(a).  "These requirements effectively 'limit the class claims to those fairly

9    encompassed by the named plaintiff's claims.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147,

10   156 (1982) (quoting *Gen. Tel. Co. of Nw. v. E.E.O.C.*, 446 U.S. 318, 330 (1980)).

11         In addition to satisfying the requirements under Rule 23(a), the party seeking certification

12   must also fulfill the requirements under either Rule 23(b)(1), 23(b)(2), or 23(b)(3).  Fed. R. Civ.

13   P. 23(b).  Here, Plaintiff seeks certification under Rule 23(b)(2), which applies when "the party

14   opposing the class has acted or refused to act on grounds that apply generally to the class, so that

15   final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

16   whole."  Fed. R. Civ. P. 23(b)(2).

17         Rule 23(b)(2) certification "'is appropriate only where the primary relief sought is

18   declaratory or injunctive.'" *Ellis*, 657 F.3d at 986 (quoting *Zinser*, 253 F.3d at 1195).  The "key

19   to a [Rule 23(b)(2)] class is the indivisible nature of the injunctive or declaratory remedy

20   warranted," because "claims for individualized relief . . . do not satisfy the Rule." *Wal-Mart*

21   *Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011) (internal quotation omitted).  Thus, Rule 23(b)(2)

22   certification is not warranted when each class member is otherwise entitled to individualized

23   relief, whether in the form of monetary damages or individual injunctions. *Id.*

24       **III.**    **ANALYSIS**

25         Plaintiff argues all of the requirements of Rule 23(a) and (b)(2) are satisfied for the

26   putative classes.  (*See* ECF No. 52-1.)  In opposition, Defendant argues Plaintiff lacks standing to

27   certify a class.  (ECF No. 54 at 22–27.)  The Court will first consider whether Plaintiff has

28   standing to certify a class under Rule 23(b)(2).

3

A. <u>Standing</u>

Defendant contends "Plaintiff lacks standing to seek injunctive relief because he cannot show a concrete threat of future harm where Olympia Beer no longer uses the alleged misleading slogan and is no longer on the market." (ECF No. 54 at 9.) Further, Defendant argues Plaintiff cannot show a likelihood that "he will again be wronged in a similar way." (*Id.* at 24–25.) In reply, Plaintiff argues there is a threat of future harm as it is possible the line of Olympia Beer will be put back into production. (ECF No. 59 at 7.) Plaintiff contends that even though the "It's the Water" slogan was removed, there are still "lingering impressions" from the misleading advertising that require correcting. (*Id.*)

"A Rule 23(b)(2) class can only be certified if the named plaintiff shows that she herself is subject to a likelihood of future injury." *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2018 WL 1009257, at *5 (N.D. Cal. Feb. 13, 2018). "To establish standing for prospective injunctive relief, Plaintiff must demonstrate that '[he] has suffered or is threatened with a "concrete and particularized" legal harm . . . coupled with "a sufficient likelihood that [he] will again be wronged in a similar way."'" *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 587 (N.D. Cal. 2015) (quoting *Bates*, 511 F.3d at 985) (internal citations omitted). "A plaintiff must establish a 'real and immediate threat of repeated injury.'" *Id.* (quoting *Bates*, 511 F.3d at 985). "The alleged threat cannot be 'conjectural' or 'hypothetical.'" *Id.* (quoting *City of L.A. v. Lyons*, 461 U.S. 95, 101–102 (1983)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). "Finally, a named plaintiff must show that she herself is subject to a likelihood of future injury." *Id.* "Allegations that a defendant's conduct will subject unnamed class members to the alleged harm is insufficient to establish standing to seek injunctive relief on behalf of the class." *Id.* (citing *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044–45 (9th Cir. 1999)).

Defendant relies on *Bruton*, 2018 WL 1009257, to argue Plaintiff lacks standing to bring this class action. (ECF No. 54 at 25.) In *Bruton*, the court considered a motion for class certification for consumers who were allegedly misled by the labeling on various Gerber

4

products. *Bruton*, 2018 WL 1009257, at *1. The defendant challenged the plaintiff's standing to bring the class action because the misleading labeling was removed from all products. *Id.* at *6. The plaintiff in *Bruton* relied on *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. 2017) to argue she still had standing because, even though the defendant had ceased mislabeling the food, she would be unable to rely on the product's labeling in the future. *Bruton*, 2018 WL 1009257, at *6. However, the court distinguished *Davidson* because, in that case, the company had not removed the misleading advertising. *Id.* Thus, the court found the plaintiff did not have standing because the defendant "unlike Kimberly-Clark, [had] stopped making the misleading statements." *Id.*

Furthermore, the *Bruton* court pointed out that if the defendant resumed the allegedly harmful conduct, the plaintiff could sue defendant again. *Id.* at *7. Alternatively, if defendant resumed the harmful conduct and stopped merely to defeat plaintiff's standing, "such conduct would fall squarely within the established exception to mootness for disputes that are 'capable of repetition, yet evading review.'" *Id.* (quoting *Kingdomware Techs., Inc. v. U.S.*, 136 U.S. 1969, 1976 (2016)) (internal citations omitted). Essentially, the exception would allow a plaintiff to bring another suit which would likely avoid standing dismissal, even if defendant ceases the harmful conduct. *Id.*

The Court is persuaded by the reasoning in *Bruton*. Here, as in *Bruton*, Plaintiff lacks the real and immediate threat of repeated injury to establish standing because Defendant's Olympia Beer has been discontinued and the misleading slogan officially removed in accordance with the Tax and Trade Bureau. *See Bruton*, 2018 WL 1009257, at *6; (ECF No. 54 at 11–12, 24–25.) Thus, Plaintiff "does not face an action or imminent threat of future harm because the source of potential harm, namely [Defendant's advertising and labeling], has ceased." *Bruton*, 2018 WL 1009257 at *6. Plaintiff argues Defendant may continue to sell the product in the future (ECF No. 59 at 7), however, if so, Plaintiff can bring another suit or use the "capable of repetition, yet evading review" exception for mootness. *See Bruton*, 2018 WL 1009257, at *7. Therefore, the Court finds Plaintiff lacks standing to seek injunctive relief, and accordingly, the Court DENIES certification of a Rule 23(b)(2) class.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Certify Class. (ECF No. 52).

IT IS SO ORDERED.

**DATED:** June 13, 2022

Troy L. Nunley
United States District Judge