UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDAN PEACOCK, on behalf of Himself, and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>PABST BREWING COMPANY, LLC.,<br><br>        Defendant. | No.  2:18-CV-00568-TLN-CKD<br><br>**AMENDED** PRETRIAL SCHEDULING ORDER |

    After reviewing the parties' Joint Status Report, the Court hereby amends the Pretrial Scheduling Order.

    I.    SERVICE OF PROCESS

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

    III.    JURISDICTION/VENUE

    Jurisdiction is predicated upon 28 U.S.C. § 1332.  Venue is not disputed.

    IV.    DISCOVERY

    All discovery, with the exception of expert discovery, shall be completed by **January 20, 2023**.  In this context, "completed"

means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary, and where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the Local Rules.

## V.   DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the Court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **sixty (60) days after the close of discovery**. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

Within thirty (30) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Order.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good case for the party's failure to designate the expert witness

1  in accordance with this Order; (b) that the Court and opposing
2  counsel were promptly notified upon discovery of the witness; and
3  (c) that the witness was promptly made available for deposition.
4      For purposes of this Order, an "expert" is any person who
5  may be used at trial to present evidence under Federal Rules of
6  Evidence 702, 703, and 705, which include both "percipient
7  experts" (persons who, because of their expertise, have rendered
8  expert opinions in the normal course of their work duties or
9  observations pertinent to the issues in the case) and "retained
10 experts" (persons specifically designated by a party to be a
11 testifying expert for the purposes of litigation).
12     Each party shall identify whether a disclosed expert is
13 percipient, retained, or both.  It will be assumed that a party
14 designating a retained expert has acquired the express permission
15 of the witness to be so listed.  Parties designating percipient
16 experts must state in the designation who is responsible for
17 arranging the deposition of such persons.
18     All experts designated are to be fully prepared at the time
19 of designation to render an informed opinion, and give their
20 bases for their opinion, so that they will be able to give full
21 and complete testimony at any deposition taken by the opposing
22 party.  Experts will not be permitted to testify at the trial as
23 to any information gathered or evaluated, or opinion formed,
24 after their deposition taken subsequent to designation.
25     Counsel are instructed to complete all discovery of expert
26 witnesses in a timely manner in order to comply with the Court's
27 deadline for filing dispositive motions.
28 ///

## VI. SUPPLEMENTAL DISCOVERY

Pursuant to Federal Rule of Civil Procedure 26(e), the parties shall exchange any supplemental disclosures and responses (including expert supplemental materials) no later than thirty (30) days prior to the dispositive motion hearing date. Any supplemental disclosures and responses necessary after said date will require leave of Court good cause having been shown.

## VII. DISPOSITIVE MOTIONS

The parties shall file dipositive motions no later than **one hundred eighty (180) days after the close of discovery**. All papers should be filed in conformity with the Local Rules. Absent leave of Court, all issues the parties wish to resolve on summary judgment must be raised together in one (1) motion or cross-motion. Should the parties wish to file additional motions for summary judgment, they <u>must</u> seek leave of Court.

All purely legal issues are to be resolved in timely pretrial motions. When appropriate, failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily. With respect to motions for summary judgment, failure to comply with Local Rules 230 and 260, as modified by this Order, may result in dismissal for failure to prosecute (or failure to defend) pursuant to this Court's inherent authority to control its docket and/or Federal Rule of Civil Procedure 41(b). Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  Sur-replies are viewed with disfavor and will only be considered upon a showing of good cause.  All requests for page limit increases must be made in writing with a proposed order setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion. These page limits shall apply to any and all motions filed with the Court.

The parties are directed to the Court's website for available hearing dates and Judge Nunley's standard procedures.  ([www.caed.uscourts.gov](www.caed.uscourts.gov) – select "Judges" – select "Judge Nunley" – select "Standard Information").

Citations to Supreme Court Lexis database shall include parallel citations to the Westlaw database.

The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence.  The Court will look with disfavor upon dispositional motions presented as the Final Pretrial Conference or at trial in the guise of motions in limine.

The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the Court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.

///

VIII. TRIAL SETTING

The parties are ordered to file a Joint Notice of Trial Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed dispositive motion(s).  If the parties do not intend to file dispositive motions, the parties are ordered to file a Joint Notice of Trial Readiness not later than **one hundred twenty (120) days after the close of discovery** and the notice must include statements of intent to forgo the filing of dispositive motions.

The parties are to set forth in their Joint Notice of Trial Readiness, the appropriateness of special procedures, their estimated trial length, any request for a jury, their availability for trial, and if the parties are willing to attend a settlement conference.  The parties' Joint Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments.  The parties' estimate shall include time necessary for jury selection, time necessary to finalize jury instructions and instruct the jury.

After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial.

IX.   SETTLEMENT CONFERENCE

If the parties agree to a settlement conference, a magistrate judge will be randomly assigned to the case to preside over the settlement conference.  If the parties specifically request that the assigned District Judge or Magistrate Judge conduct the settlement conference, the parties shall file the

appropriate waiver of disqualification in accordance with Local Rule 270(b).  If the parties elect to participate in the Voluntary Dispute Resolution Program (VDRP), a stipulation of election is required pursuant to Local Rule 271.

In accordance with Local Rule 160, counsel are to immediately file a notice of settlement or other disposition of this case.

X.   COURTESY COPIES

No party shall submit paper courtesy copies of pleadings or exhibits to the Court unless expressly ordered to do so.

XI.   MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XII.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) days of service on all defendant(s).

IT IS SO ORDERED.

DATED: August 5, 2022

Troy L. Nunley
United States District Judge